# UNITED STATES DISTRICT COURT

NORTHERN _____ DISTRICT OF ____ILLINOIS, EASTERN DIVISION____

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
| v. | CASE NUMBER: |
| | **07CR  0867** |
| TOMITA INYANG | **MAGISTRATE JUDGE SCHENKIER** |

KC **FILED**

DEC 2 7 2007

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

I, _Brian Speedy_ , the undersigned complainant being duly sworn, state the following is true and correct to the best

of my knowledge and belief. From in or about __May 2007__ to in or about __October 2007__ in _Cook_ County, in the

_Northern_ District of _Illinois_ defendant(s) did, (Track Statutory Language of Offense)

    knowingly and with intent to defraud effect transactions with access devices issued to other persons and
    thereby received payments in excess of $1,000,

in violation of Title ____18____ United States Code, Section(s) ____1029(a)(5)____.

I further state that I am a __Special Agent with the United States Secret Service__ and that this complaint is based
<br>Official Title
upon the following facts:

See attached affidavit.

Continued on the attached sheet and made a part hereof: _X_ Yes    ____ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

_December 27, 2007_____    at    _Chicago, Illinois_____
Date                                                          City and State

_Sidney I. Schenkier, United States Magistrate Judge____    _____
Name & Title of Judicial Officer                                    Signature of Judicial Officer

STATE OF ILLINOIS      )
                       )     SS
COUNTY OF COOK      )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brian Speedy, being duly sworn on oath, state as follows:

1.      I am a Special Agent with the United States Secret Service, assigned to the Chicago Field Office, Chicago, Illinois. I have been employed by the Secret Service since March 2005.

2.      As a Special Agent with the Secret Service, I am responsible for investigating financial crimes including, bank fraud, wire fraud, and access device fraud, including violations of Title 18, United States Code, Section 1029. I have received training pertaining to investigative techniques regarding financial crimes, the collection and preservation of evidence, and the interviewing of suspects and witnesses.

3.      This affidavit is submitted for the limited purpose of establishing probable cause in support of the attached criminal complaint and therefore contains only a summary of the relevant facts. I have not included every fact known by me in connection with this investigation. The information contained in this affidavit is based on my first-hand knowledge, my review of various records and documents, and my discussions with other individuals with knowledge of the facts described in this affidavit.

4.      As set forth below, the Affiant submits that there is probable cause to believe that TOMITA INYANG did knowingly and with intent to defraud effect transactions with access devices issued to other persons and thereby received payments in excess of $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

<u>Investigation</u>

5.     This investigation began in October 2007 after the Chicago Field Office of the Secret Service received a telephone call from a Senior Investigator with Washington Mutual Bank ("WaMu"). According to the Senior Investigator, WaMu had received a series of reports of unauthorized withdrawals from different customers. The unauthorized withdrawals occurred in two primary manners. In some cases, the customer's bank account number and personal identifiers were used to establish online access to the customer's bank account through WaMu's website. Once the online access to the customer's account was established, the unauthorized user then caused funds from the customer's account to be electronically transferred from the account. In other cases, a person posing as the customer used the customer's account number and piece of false identification to make a withdrawal from the customer's account at a WaMu branch.

6.     As a result of these unauthorized withdrawals, WaMu conducted an analysis of the bank employees who had accessed the affected customer accounts. The analysis revealed that a WaMu employee, Individual A, had utilized WaMu's computer system to access customer account information for several of the accounts with reported fraudulent activity. The Senior Investigator also reported that video surveillance from WaMu showed Individual A recording information in a notebook while reviewing customer account information on WaMu's computer system.

7.     As a result of WaMu's investigation, the Chicago Police Department arrested Individual A and he was subsequently charged with identity theft in the Circuit Court of Cook County. After being charged, Individual A began to cooperate with the Chicago Police Department and the Secret Service in the hopes of receiving a reduced sentence.

8.     On or about October 26, 2007, the Affiant and Postal Inspector Michael Carroll

-2-

interviewed Individual A at the Chicago Police Department's Area 3 Headquarters. During this initial interview and subsequent interviews, Individual A stated that he took customer account information from WaMu, including names, addresses, birth dates, account numbers, and social security numbers. Individual A also stated that he sold this customer account information to TOMITA INYANG, Subject A, and Subject B. Individual A stated that INYANG, Subject A, and Subject B were working together when he first began to provide them with information in 2007. However, INYANG eventually began to approach him separately for customer information. Individual A estimated that, over time, he provided INYANG and the others with information related to as many as seventy customer accounts. Individual A stated that he was paid as much as $800 per account for the information he provided to INYANG and the others.

9.      In total, the information and records obtained from WaMu indicate that Individual A accessed at least twelve accounts from which in excess of $185,000 in unauthorized withdrawals were made between approximately May 2007 and October 2007.

<u>Fraudulent Withdrawals Made by TOMITA INYANG</u>

10.     As part of the investigation, WaMu provided the Secret Service with surveillance footage of various unauthorized withdrawals made in person at various WaMu branches from accounts that have been linked to Individual A's fraudulent activities. In connection with each of these unauthorized withdrawals, WaMu explained that a person posing as the customer made the unauthorized withdrawal by presenting a withdrawal slip reflecting the customer's account number and a false driver's license or other form of identification bearing the customer's name and personal information. As discussed below, TOMITA INYANG is depicted on this surveillance footage as the person making these unauthorized withdrawals on seven occasions.

-3-

11.   The records and information provided by WaMu reflect that six unauthorized withdrawals totaling $21,600 were made from account xxxxxxxxxx7323 after Individual A accessed the customer account information for the account.  The unauthorized withdrawals were as follows:

a.   $2,400 was withdrawn at the Raceway Park branch on May 29, 2007;

b.   $2,400 was withdrawn at the Raceway Park branch on May 30, 2007;

c.   $2,400 was withdrawn at the North and LaSalle branch on May 31, 2007;

d.   $4,800 was withdrawn at the North and LaSalle branch on June 1, 2007;

e.   $4,800 was withdrawn at the Hyde Park branch on June 2, 2007; and

f.   $4,800 was withdrawn at the Hyde Park branch on June 5, 2007.

12.   The surveillance footage from each of the above described transactions for account xxxxxxxxxx7323 depicts the same individual withdrawing funds on each of the six occasions. Individual A identified the individual shown on this video surveillance as TOMITA INYANG.  The Affiant also compared a copy of a booking photograph taken of TOMITA INYANG during a prior arrest to the surveillance footage and believes that the person depicted on the surveillance footage is TOMITA INYANG.

13.   The records and information provided by WaMu also reflect that an unauthorized withdrawal of $1,600 was made from account xxxxxxxxxx8700 through a teller at the Lincoln Park Financial Center WaMu branch on September 7, 2007. The unauthorized withdrawal occurred after Individual A had accessed the customer account information for the account.

14.   The surveillance footage from the above described transaction for account xxxxxxxxxx8700 depicts the same person who made the six unauthorized withdrawals from account xxxxxxxxxx7323.  Individual A identified the individual shown on the video surveillance for the

unauthorized withdrawal from account xxxxxxxxxx8700 and identified the person as TOMITA

INYANG. The Affiant also compared a copy of a booking photograph taken of TOMITA INYANG

during a prior arrest to the surveillance footage and believes that the person depicted on the

surveillance footage for the unauthorized withdrawal from account xxxxxxxxxx8700 is TOMITA

INYANG.

Fraudulent On-Line Transfer by Account Registered to TOMITA INYANG

15.     As part of the investigation, WaMu additionally provided the Secret Service with

information indicating that online access was fraudulently created for WaMu bank account number

xxxxxxxxxx8831 on August 28, 2007. Thereafter, approximately $32,300 was withdrawn from the

account through four separate online transfers between August 29, 2007 and September 19, 2007.

16.     WaMu provided the Secret Service with information indicating that the online access

for account xxxxxxxxxx8831 was created via Internet Protocol (IP) address 24.148.17.229.

17.     A search of databases related to IP address allocation revealed that IP address

24.148.17.229 is utilized by RCN Telecom Services, Inc.  Records obtained from RCN Telecom

Services, Inc. via subpoena indicated that IP address 24.148.17.229 was assigned to an account held

by INYANG TOMITA, 1040 W. Hollywood Ave., Chicago, IL 60660 at the time the online account

was fraudulently created for WaMu bank account number xxxxxxxxxx8831.

## Conclusion

18.     Based upon the facts set forth in this affidavit, I believe there is probable cause to believe that TOMITA INYANG did knowingly and with intent to defraud effect transactions with access devices issued to other persons and thereby received payments in excess of $1,000 during a one-year period, in violation of Title 18, United States Code, Section 1029(a)(5).

FURTHER AFFIANT SAYETH NOT

Brian Speedy
Special Agent
U.S. Secret Service

Subscribed to and signed before me
this 27th day of December 2007

Sidney I. Schenkier
United States Magistrate Judge