UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 07 CR 867 |
| v. | ) | |
| | ) | Judge Sidney I. Schenkier |
| TOMITA INYANG | ) | |

## ORDER

The government has moved to detain defendant pending trial of this matter, pursuant to 18 U.S.C. § 3142 on the grounds that he is a serious risk of flight and that there are no conditions or combination of conditions that will reasonably assure his appearance. On January 7, 2008, the Court heard evidence presented through a witness and argument on the government's motion. Upon consideration of the evidence and argument, and of the information presented in the report prepared by Pretrial Services, the Court orally granted the government's motion for detention and provided a thorough explanation of its reasoning. In this order, we briefly summarize the reasons for that ruling.

1. In determining whether to detain Mr. Inyang, the Court considered the nature and circumstances of the offense charged; the weight of the evidence; and Mr. Inyang's history and characteristics. 18 U.S.C. § 3142(g).

2. Mr. Inyang is charged with knowingly and with intent to defraud effecting transactions with access devices issued to other persons and thereby receiving payments in excess of $1,000 in violation of Title 18 United States Code, Section 1029(a)(5). The Court found that the nature and circumstances of the offense charged weighed in favor of detention

because the complaint alleged that Mr. Inyang used false identification cards over five months and received in excess of $50,000 through the use of the false identification cards. Thus, the access to false identification cards and the receipt of $50,000 suggest that Mr. Inyang may have the means and the access to flee if he was so inclined.

3.  The Court found that the weight of the evidence provided some support for detention based on the video surveillance of Mr. Inyang making withdrawals from unauthorized accounts.

4.  The Court also discussed Mr. Inyang's personal characteristics. Mr. Inyang has ties to Nigeria, including numerous family members with whom he has close contact. The Pretrial Services report catalogues Mr. Inyang's failures when given bond on his earlier criminal matters and his use of multiple aliases.

5.  Although Mr. Inyang does have some ties to this community, he has no current employment and does not have property or other connections to this district. Moreover, as directed by Section 3142(g)(3)(B), we take note of the fact that at the time of the arrest for the offense now charged, Mr. Inyang was on probation for a separate driving under the influence conviction.

6.  Although Mr. Inyang's fiancé, Kareemot Olorunoje, testified that she would be willing to act as a third party custodian for Mr. Inyang, the Court finds that Ms. Olorunoje also has significant ties to Nigeria.

7.     Based on the foregoing considerations, the Court finds that the government has proven by a preponderance of the evidence that Mr. Inyang poses a serious risk of flight and that no condition or combination of conditions of release would reasonably assure against that risk.

8.     The Court found that although the security offered, $5,000, was not sufficient to reasonably assure against the serious risk of flight, Mr. Inyang could re-open the issue of detention if he was able to propose a greater amount of security and additional information about his family's financial situation.

ACCORDINGLY, IT IS HEREBY ORDERED that Tomita Inyang remain committed to the custody of the Attorney General for confinement in a corrections facility until the resolution of this case or until further order of the Court.

IT IS FURTHER ORDERED that Mr. Inyang shall be kept separate, to the maximum extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

IT IS FURTHER ORDERED that Mr. Inyang shall be afforded reasonable opportunity for private consultation with counsel.

IT IS FURTHER ORDERED that on order of a United States Court or upon request of an attorney for the government, Mr. Inyang shall be delivered to a United States Marshal for the purposes of an appearance in connection with a court proceeding, trial preparation, or other compelling reason.

ENTER:

_____
Sidney J. Schenkier
United States Magistrate Judge

Dated: January 16, 2007